## Cunha v. Cunha

*Egli, Walter, Long & Reilly,* for plaintiff.

MEYER, J., April 5, 1968.—Petitioner seeks leave to sue for divorce in forma pauperis.

She alleges that she does not have the financial ability to pay the costs, that she has four minor children, all attending school, and that they are all dependent upon charitable institutions for support.

She further alleges that her husband deserted her in 1958, that she has been unable to ascertain his whereabouts and that his last known address was in the State of Oregon.

The matter of permitting a plaintiff to sue for divorce in forma pauperis is discussed in Freedman, Law

of Marriage and Divorce in Pennsylvania (2d Ed.) §681. It is said, at page 1302, that the ". . . wife may not proceed as a pauper if her husband has financial ability". Obviously, the wife would not then be in need of such a remedy, for she could secure alimony pendente lite, counsel fees and costs.

In this case, plaintiff has set forth in her petition sufficient facts to make it clear that a rule to show cause would be ineffective and fruitless, i.e., the husband's whereabouts are unknown, he deserted his family in 1958, there are four minor children who are in school and the family is supported by public charities.

It would seem, as indicated in Freedman, supra, that article I, par. 11, of the Constitution, which provides, inter alia, that all courts shall be open, and every man for an injury done him in his lands, goods, person or reputation shall have a remedy by due process of law, and right and justice administered without sale, denial or delay, should operate to permit the granting of leave to a plaintiff to proceed in forma pauperis, regardless of whether such action is within the precise meaning of the constitutional provision.

This reasoning is supported in Willis v. Willis, 20 Dist. R. 720, where it was held that a plaintiff with a prima facie case cannot be turned out of court because of inability, through poverty, to give security for costs.

Other courts have held that a rule of court requiring an insolvent resident plaintiff to give security for costs is in violation of article I, sec. 11, of the Constitution: Schade v. Luppet, 17 Pa. C.C. 460 (1890); Jack v. McClure, 26 Pa. C.C. 59 (1901); Lutz v. Heasely, 12 Dist. R. 139 (1902).

It may at first blush appear that the right to secure a divorce is a luxury which should not be permitted without the payment of all the costs.

If our courts are to be open to all people regardless of their means, then the form of action should not be inquired into.

Certainly, plaintiff should have the right to enjoy companionship, now prohibited to her if she respects the vows she took, which could look toward a happy marriage. It appears that, through no fault of her own, her right of support is gone and her children have no father to guide them through the formative years. Should she then be deprived of the opportunity to change or correct the situation brought about by an absconding husband because she is impecunious? We do not think so.

This plaintiff seeks nothing more than to be excused from the payment of legal costs which, modest as they are, must seem monumental to her.

The trend today is to afford everyone his day in court and with proper legal representation. There can be no equality before the law unless relief is afforded to those persons who have no funds of their own.

For the reasons herein stated, the court makes the following:

## ORDER

And now, April 5, 1968, leave is hereby granted Anna Elizabeth Cunha, plaintiff in the aforesaid cause of action, to file her complaint in divorce in forma pauperis, and to proceed therewith to the termination of said proceeding without payment of costs therefor.

NOTES.—This proceeding points out the desirability of having lawyers, when they present petitions and motions for the court's consideration, to accompany such petitions and motions with a short informal memorandum of law supporting the right of the court to grant the relief prayed for.

It was represented to the court that the attorney for the petitioner was not charging any fee and that the master would waive the fee.